# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 9:14-CR-17 |
| | § | |
| CHARLES KELLY NASH | § | |

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States magistrate judge. On March 3, 2015, the undersigned ordered that the Defendant, Charles Kelly Nash, be committed to a federal medical facility pursuant to 18 U.S.C. § 4241, where he was to be examined pursuant to the provisions of 18 U.S.C. §§ 4241 and 4247(b). (Docket No. 10.)

The court has received the Defendant's mental health evaluation from Robert Johnson, Ph.D., Licensed Psychologist at the FCI Fort Worth facility, dated April 7, 2015. Dr. Johnson concludes that there is evidence to indicate that Jones suffers from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense.

On May 7, 2015, the undersigned commenced a hearing pursuant to 18 U.S.C. § 4241(d). Both parties agreed to Dr. Johnson's assessment that Nash is not competent to proceed at this time. Accordingly, the undersigned finds by a preponderance of the evidence that the Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

## RECOMMENDATION

The court should find that Charles Kelly Nash be committed to the custody of the Attorney General for hospitalization for such a reasonable period of time, not to exceed four (4) months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed, in accordance with 18 U.S.C. § 4241(d)(1). It is further recommended that the speedy trial time be excluded from March 3, 2015 until the date on which the District Judge signs an order adopting the undersigned's final report and recommendation on the Defendant's competency.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report. See 28 U.S.C. § 636(b)(1)(c); FED R. CIV. P. 72(b)(2). A party who objects to this report is entitled to a de novo determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of

fact and conclusions of law accepted by the United States District Judge, see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 11th day of May, 2015.

_____
Zack Hawthorn
United States Magistrate Judge